UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHELLE A. GUDINAS,
    Plaintiff,

v.                                           CIVIL ACTION NO. 14-40184-DHH

MR. MAO, ET AL.,
    Defendants.

## MEMORANDUM AND ORDER AND REPORT AND RECOMMENDATION

HENNESSY, M.J.

### BACKGROUND

Plaintiff Michelle A. Gudinas ("Gudinas") filed this instant action against Mr. Mao of the Gardner Social Security Office, claiming that she has not received social security disability benefits to which she is entitled.

On March 31, 2015, this Court issued a Memorandum and Order (Docket No. 9) granting Gudinas's Motion for Leave to Proceed *in forma pauperis*, denying her Motion for Appointment of Counsel, and directing the clerk to send to Gudinas the Court's List of Legal Service Providers in the event she wished to make efforts on her own to obtain legal assistance. The Memorandum and Order also pointed out various legal impediments to Gudinas's claims, including Rule 8 pleading deficiencies, sovereign immunity of the Social Security Office, and failure to state a cognizable cause of action based on a social security decision, because the Social Security Act provided the exclusive remedy for challenging the denial of benefits. Additionally, this Court noted that it was unclear whether Gudinas had exhausted administrative remedies with the Social Security Administration. She was directed to show cause why this action should not be dismissed, and to file an Amended Complaint curing the pleading deficiencies, within 35 days.

On May 5, 2015, Gudinas filed a Show Cause Response and Amended Complaint (Docket No. 10) as well as a Motion to Reconsider (Docket No. 11) the request for appointed counsel. Included in the Amended Complaint was a "Criminal Complaint" against Mr. Mao.

DISCUSSION

I. Both the Show Cause Response and the Amended Complaint are Insufficient

A. The Show Cause Response

In Gudinas's Show Cause Response, she asks this Court not to dismiss her case because: (1) it is not frivolous; (2) she needs the money desperately; (3) without court action, justice will not be served; (4) wrongs need to be corrected; and (5) the Court needs to hear from both sides. Gudinas also claims that defendant Mr. Mao needs to answer the Amended Complaint and provide documentation of the original benefit awarded to her, because he was the person who took her paperwork and direct deposit form.

Gudinas does not indicate whether she has exhausted administrative remedies with the Social Security Administration,[1] nor does she address this Court's determination that there is no recourse against Mr. Mao because her exclusive remedy to challenge the denial of benefits is through the Social Security Act.

B. The Amended Complaint

In the Amended Complaint, Gudinas does not set forth her claims in accordance with Rules 8 and 10 of the Federal Rules of Civil Procedure, as directed. Essentially, she simply iterates the allegations contained in the original Complaint. Briefly, she again alleges she did not receive all of her disability settlement award from the Gardner Social Security Office. She gave

---

[1] Gudinas details her efforts to resolve her problems in the body of her Amended Complaint and not in the Show Cause Response. These are addressed, *infra*.

the required forms to Mr. Mao, who has knowledge of her award. She received a notice about a deposit slip in the mail dated May 24, 2011 but claims she did not receive that deposit. Am. Compl. (Docket No. 10 at 3). She alleges that she only has received $3,999.00 deposited in her bank account in August, 2011. She claims to have been disabled since 2007. She applied for social security benefits in both Gardner, Massachusetts and in North Carolina. She also claims that she is owed $162.20 as a fee that later was waived. As a result of all of this, she alleges she has suffered emotional distress and financial hardship. She seeks an award of the full amount of social security benefits awarded to her, as well as compensatory damages. The total damages claimed is $736,000,000.00.

Next, Gudinas outlines the efforts she has made to exhaust remedies. These include: (1) sending a letter to the Gardner District Attorney's Office; (2) filing a report on line (the recipient is not identified); (3) filing paperwork at the Gardner Social Security Office seeking reconsideration; (4) filing paperwork twice in the Springfield's hearing office for an administrative judge to hear her complaint; (5) filing a civil lawsuit in the Worcester Superior Court; (6) filing a report to the United States Attorney's Office; and (7) sending a letter to Washington, D.C. (recipient unidentified). She contends that all of her attempts were dismissed or else she received no reply.

Further, as noted above, attached to the Amended Complaint, Gudinas filed, on a template form, a "Criminal Complaint" against Mr. Mao, based on the failure to receive her full entitlement of disability benefits.

After review of Gudinas's submissions, this Court credits the efforts she has made to comply with the directives contained in the Memorandum and Order (Docket No. 9) but cannot find that she has complied sufficiently so as to justify permitting this case to proceed further.

She has not addressed the legal impediments, has not filed an Amended Complaint in accordance with the pleading requirements of Rule 8, and she has not satisfied this Court that she properly has exhausted her administrative remedies with the Social Security Administration, and/or that she has timely filed this suit after exhaustion of administrative remedies. Although she appears to have had hearings before an administrative judge, the conclusion of the hearings, and any administrative appeal of the decision, is unknown. She does not point to receiving a "final decision" regarding her benefits.

Next, although she seeks to hold Mr. Mao liable because she gave her paperwork to him, she has not set forth any underlying facts that would state plausible claims that are not otherwise barred by the Social Security Act, as discussed in the prior Memorandum and Order.

Finally, as noted in the prior Memorandum and Order, Gudinas's civil suit in the Worcester Superior Court was dismissed for lack of jurisdiction because she appeared to seek review of a decision regarding Social Security benefits or Supplemental Security Income See Gudinas v. Social Security Office, et al., WOCV2013-00786. Here, Gudinas has not presented any circumstances from which this Court could find this action to be other than a suit for benefits, governed by the exclusive remedies provided for in the Social Security Act.

In light of the above, this Court will direct <u>REASSIGNMENT</u> of this action to a District Judge, with a <u>RECOMMENDATION</u> that this action be <u>DISMISSED</u> in its entirety.

II.  <u>The Criminal Complaint</u>

With respect to Gudinas's proposed "Criminal Complaint" against Mr. Mao, this matter also is subject to dismissal because federal courts do not have jurisdiction over criminal cases unless they are prosecuted by the United States Attorney. See e.g., <u>United States v. Panza</u>, 381 F. Supp. 1133, 1138 (W.D. Pa. 1974) ("[T]here is a long line of cases holding that federal courts

have no jurisdiction over cases prosecuted in the name of the United States unless they are prosecuted by the United States Attorney."); Pugach v. Klein, 193 F. Supp. 630, 633-635 (S.D.N.Y. 1961) (power to enforce criminal law vested in executive branch by Constitution; no residual power in private citizens to enforce law when United States Attorney does not prosecute).

In other words, Gudinas does not have standing to bring a criminal action because no statute authorizes her to do so. Kennan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964) (*per curiam*); accord Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (*per curiam*) (stating that only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); Stone v. Warfield, 184 F.R.D. 553, 555 (D. Md. 1999) (stating that individual citizens have no private right of action to institute federal criminal prosecutions); cf. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another); 28 U.S.C. § 516 (conduct of litigation in which the United States is a party is reserved to officers of the Department of Justice, under the direction of the Attorney General).

In light of this, the Court will include a RECOMMENDATION that, to the extent Gudinas seeks to institute a criminal action against Mr. Mao, it be DISMISSED.

III.     The Motion for Reconsideration of the Denial Appointment of Counsel

Gudinas requests that this Court reconsider the denial of her Motion to Appoint Counsel, based on the assertions that she is disabled (she suffers from a brain injury), and is vulnerable and defenseless. For reasons unclear, in the body of the motion, Gudinas recounts an incident where she kept a cell phone issued to her by her former employer. She was arrested for this theft and served time in jail and paid a fine. She claims that because of this criminal charge, she was

denied subsidized housing three times in the last six years, and therefore had to expend an additional $360.00 per month for rent, causing financial hardship.

In view of this Court's finding that the Show Cause Response and Amended Complaint are insufficient to let this case proceed at this time, there is no good cause shown why this Court should reconsider and appoint *pro bono* counsel for Gudinas.

Accordingly, the Motion for Reconsideration of the Denial of Appointment of Counsel (Docket No. 11) is hereby DENIED.

IV. Objections to Report and Recommendation

Gudinas is hereby advised that pursuant to Rule 72, Fed. R. Civ. P., any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objection(s) must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Gudinas is further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. See Keating v. Secretary of Healthand Human Services, 848 F.2d 271 (1st Cir., 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir., 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir., 1983); United States v. Vega, 678 F.2d 376, 378-379 (1 Cir., 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1stCir., 1980); see also Thomas v. Arn, 474 U..S. 140 (1985).

CONCLUSION

Based on the above, it is hereby Ordered that:

1. Plaintiff's Motion for Reconsideration of the Denial of Appointment of Counsel (Docket No. 11) is DENIED;

2.  The Court directs REASSIGNMENT of this action to a District Judge; and

3.  The Court RECOMMENDS to the District Judge to whom this case is assigned, that the following action be taken:

    a.  DISMISSAL of this case in its entirety; and

    b.  DISMISSAL of the "Criminal Complaint" (contained in Docket No. 10-2 at 1) against Mr. Mao in its entirety.


SO ORDERED.

*David H. Hennessy*
DAVID H. HENNESSY
UNITED STATES MAGISTRATE JUDGE

DATED: May 18, 2015